## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICKEY WAYNE TOLBERT, JR.,

      Petitioner,

      v.                              CASE NO.  21-3054-JWL

(FNU) HUDSON, Warden,
USP-Leavenworth,[1]

      Respondents.

### ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner challenges the calculation of his federal sentence.  The Court examined the record and found that a responsive pleading was required. The Court issued an Order to Show Cause (Doc. 4), Respondent filed an Answer and Return (Doc. 13), and Petitioner filed a Traverse (Doc. 14). The Court entered an Order (Doc. 19) requesting further briefing from the parties on a discrete issue.  Those briefs have been filed.  This matter is before Court on Petitioner's Motion Request for Evidentiary Hearing (Doc. 31).  The Court denies the motion.

The Court, in its discretion, may apply the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, to habeas petitions filed under § 2241.  *See* Rule 1(b), Rules Governing Habeas Corpus Cases.  Rule 8 provides that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."  *Pittman v. Fox*,

---

[1]  Although Petitioner also named the United States of America and USP-Leavenworth as respondents, Warden D. Hudson is the only true respondent to the habeas petition and the other named respondents are dismissed.

766 F. App'x 705, 723 (10th Cir. 2019) (quoting *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004)).

Petitioner seeks an evidentiary hearing, but fails to address what testimony would support his claim.  Petitioner has not indicated why he is unable to make his statements and legal arguments in writing.  In fact, Petitioner has fully briefed the issues by filing at least sixteen pleadings in addition to his Petition and Traverse.[2]  The Court finds that this matter is fully briefed and ready for a decision by the Court.  Petitioner is directed to refrain from filing any additional pleadings pending the Court's decision.

The Court finds that an evidentiary hearing is not warranted.  To the extent Petitioner seeks appointment of counsel in the event the Court grants his request for an evidentiary hearing, that request is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Request for Evidentiary Hearing (Doc. 31) is **denied.**

**IT IS SO ORDERED**.

**Dated May 10, 2021, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Docs. 6, 7, 11, 12, 15, 17, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30.