IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKEY WAYNE TOLBERT,
JR.,

      Petitioner,

      v.                                        CASE NO. 21-3054-JWL

(FNU) HUDSON, Warden,
USP-Leavenworth,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Petitioner challenges the calculation of his federal sentence. On May 17, 2021, the Court entered a Memorandum and Order (Doc. 36) dismissing and denying the Petition. This matter is before the Court on Petitioner's Motion to Reconsider (Doc. 38).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Petitioner's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204

F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

 Petitioner asks the Court to reconsider the portion of the Memorandum and Order dealing with the issue of when Petitioner began serving his PSCF (Case No. 08F0794-102) sentence for purposes of determining a start date for his retroactive designation.  Petitioner argues that he should receive credit for time served from May 10, 2009 through January 29, 2011.

Because Petitioner's federal sentence is deemed to be running concurrently with his two later-imposed state sentences, the operative start date for his retroactive designation is the date he began serving his PSCF sentence.  This Court entered an Order (Doc. 19) requesting further briefing from the parties limited to the issue of when Petitioner began serving his PSCF sentence.  The parties filed responses and the Court addressed the issue in the Memorandum and Order and

found that the January 30, 2011 date was the appropriate date to use for his *nunc pro tunc* designation for service of his federal sentence with the State of Texas.

Petitioner's motion to reconsider rehashes his arguments and fails set forth an intervening change in the controlling law; the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice. Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Petitioner has failed to meet the standard required for this Court to alter or amend its May 17, 2021 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Reconsider (Doc. 38) is **denied.**

**IT IS SO ORDERED**.

**Dated May 28, 2021, in Kansas City, Kansas.**

<u>**S John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**