**FILED**
**U.S. District Court**
**District of Kansas**
06/25/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICKEY WAYNE TOLBERT,
JR.,

      Petitioner,

      v.                      CASE NO.  21-3054-JWL

(FNU) HUDSON, Warden,
USP-Leavenworth,

      Respondent.

### MEMORANDUM AND ORDER

This matter was filed is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. On May 17, 2021, the Court entered a Memorandum and Order ("M&O") and Judgment dismissing and denying the Petition.  (Docs. 36, 37.)  On December 14, 2021, the Tenth Circuit affirmed the decision.  (Doc. 46.)  This matter is before the Court on the Motion by Interested party to Redact Minor Juvenile's Name from Court's May 17, 2021 Memorandum and Order That's Publicly Available (Doc. 47) filed by movant Todd W. Altschul on June 22, 2026.

The movant asks the Court to redact the citation to *In re Altschul*, 207 S.W. 3d 427, 430 (Tex. App. Waco 2006), from its May 17, 2021 Memorandum and Order.  (Doc. 47, at 1.)  The movant claims that this was his juvenile court proceeding and his identity was supposed to be protected when the "Tenth Court of Appeals of Texas" issued the 2006 opinion.  *Id*. at 2.  He claims that the Texas court should have used initials in compliance with Rule 9.8 of the Texas Rules of Appellate Procedure.  *Id*.  He asks the Court to seal his motion and to redact his case name from its Memorandum and Order.

In the May 17, 2021 Memorandum and Order, this Court cited *In re Tolbert*, Case No. 05-15-00633-CV, 2015 WL 2408047, at *1 (Tex. Ct. App. May 21, 2015) (citing *In re Altschul*, 207 S.W.3d 427, 430 (Tex. App.—Waco 2006, pet. ref'd) (original proceeding)). *See Tolbert v. Hudson*, 2021 WL 1966222, at *6 (D. Kan. May 17, 2021). Therefore, this Court was citing Altschul's case because it was cited by the 2015 *Tolbert* case. Both the 2015 *Tolbert* case and the *Altschul* case are available to the public on Westlaw as noted in their citations. As of today, Westlaw continues to use Altschul's name in the 2015 *Tolbert* case and the 2006 *Altschul* case.[1] The *Altschul* case is also cited by five other cases in addition to the 2015 *Tolbert* case and this Court's M&O. *See In re A.V.*, 2023 WL 105214, at *2 (Tex. App. 2023); *Ex parte T.W.A.*, 2022 WL 3655150, at n.9 (Tex. App. 2022); *In re Vasquez*, 2013 WL 645226, at *1 (Tex. App. 2013); *Interest of S.N.*, 272 S.W.3d 45, 61 (Tex. App. 2008); and *Reed v. State*, 2007 WL 1202778, at *2 (Tex. App. 2007).

The cite to Altschul's 2006 case has a notation that it is an "original proceeding." Altschul's 2006 case is a pro se petition for writ of habeas corpus he filed, arguing that "Texas law violates due process because it does not provide a means for him to collaterally attack his allegedly void prior juvenile conviction, which he says is being used to enhance the federal sentences he is currently serving" and "that he is entitled to habeas relief because his allegedly void prior juvenile conviction has collateral consequences." *In re Altschul*, 707 S.W.3d 427, 428 (Tex. App. 2006). This *Altschul* case—the one cited by this Court—is a habeas action filed by Altschul when he was serving his federal sentences. Although the case mentions his prior juvenile conviction in 1989, nothing in the opinion suggests that this 2006 habeas case was a juvenile proceeding. The court

---

[1] *See*:
https://1.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=2036314991&pubNum=0000999&originatingDoc=I0e36bf30b7b311eba4978dd2c5234e82&refType=RP&originationContext=document&transitionType=DocumentItem&ppcid=ee7af13170a74308ab8a8828ae96d08a&contextData=(sc.Search) (last visited June 25, 2026).

dismissed the case for want of jurisdiction, finding that "as an intermediate court of appeals, [the court has] no jurisdiction over post-conviction writs of habeas corpus in felony cases" and it does not "have original jurisdiction to address the juvenile adjudication." *Id*. at 430.

The citation the movant seeks to redact from this Court's M&O relates to a habeas action, and the same case is cited in multiple cases on Westlaw. The movant's request for the Court to redact his name from the citation to his 2006 habeas action in the Court's M&O is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion by Interested party to Redact Minor Juvenile's Name from Court's May 17, 2021 Memorandum and Order That's Publicly Available (Doc. 47) filed by movant Todd W. Altschul is **denied.**

**IT IS SO ORDERED**.

**Dated June 25, 2026, in Kansas City, Kansas.**


**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**